CHEQNET SYSTEMS, INC. *v.*
STATE BOARD OF COLLECTION AGENCIES,
Winston Bryant, Attorney General for the State of Arkansas,
and Mark Stodola, Pulaski County Prosecutor

94-683                                                    890 S.W.2d 595

Supreme Court of Arkansas
Opinion delivered January 17, 1995
[Rehearing denied February 20, 1995.]

*Cross & Mills*, by: *Junius Bracy Cross, Jr.*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Rick D. Hogan*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant Cheqnet Systems, Inc., a collection business, purchases and takes assignments of dishonored checks which are payable to retail merchants. It collects the debt and charges the maker a service charge of $25.00. The State Board of Collection Agencies and the Attorney General made demand on appellant to cease charging in excess of $15.00 per dishonored check. Appellant filed this declaratory judgment suit and asked the circuit court to construe the applicable federal and state statutes to provide that it can lawfully impose a service charge in excess of $15.00. The circuit court ruled that the maximum lawful charge is $15.00. Appellant appeals. The ruling of the trial court was eminently correct.

▮▮ Appellant first contends that state law does not prohibit it from charging a $25.00 service charge. Its argument is that since the applicable statutes, sections 5-37-303, -304, and -307 of the Arkansas Code Annotated, specifically provide for a $15.00 maximum service charge on checks returned for insufficient funds, they impose no limit on checks returned for any other reason. We summarily reject the argument. The cited statutes provide that the service charge shall not exceed $15.00 per dishonored check. The first rule in interpreting a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *McCoy* v. *Walker*, 317 Ark. 86, 876 S.W.2d 252 (1994). We have no hesitancy in holding that the General Assembly intended to prohibit the party holding a dishonored check from assessing a collection fee in excess of $15.00 per check.

▮ Appellant also contends that a service charge of $25.00 per check is authorized by a part of the federal Fair Debt Collection Practices Act. Specifically, it contends that 15 U.S.C. § 1692f(1) (1982) permits the collection of a service fee if the fee is authorized by the agreement of the parties at the time the debt was created or is permitted by state law. At trial, appellant

proved that the merchants who take the checks have signs in their stores expressly calling for a $25.00 service charge on all returned checks. Because of the signs, appellant contends that at the time a debt is created the parties agreed to a service charge of $25.00 and such agreement is expressly authorized by the federal Act. Again, we summarily dispose of the argument. Even if the posting of a sign created a contract, the federal Act does not authorize a service charge that is in excess of that permitted by state law, and it does not validate a contract that is contrary to state public policy. *See* 15 U.S.C. § 1692f(1) (1982).

Affirmed.