The Honorable Jodie Mahony State Senator 106 West Main — Suite 406 El Dorado, Arkansas 71730
Dear Senator Mahony:
This opinion is being issued in response to your recent questions regarding school district personnel policy committees. You have presented the following specific questions:
 (1) Can certified personnel who are assigned to work in an Arkansas school district, but who are paid under a contract with and work under the policies of a school district in an adjoining state, serve on the committee on personnel policies of the Arkansas school district?
 (2) If so, can the classroom teachers elect three members of the committee from Louisiana and five members from Arkansas?
 (3) Can the members of the committee from Louisiana choose not to vote on salary or other policies dealing with Arkansas personnel and only vote on school policies affecting general rules?
RESPONSE
Question 1 — Can certified personnel who are assigned to work in anArkansas school district, but who are paid under a contract with and workunder the policies of a school district in an adjoining state, serve onthe committee on personnel policies of the Arkansas school district?
It is my opinion that if such personnel are either "classroom teachers," or are "administrators," they can serve on the personnel policies committee of the Arkansas school district, provided that the distribution of classroom teachers and administrators complies with the statute (i.e., at least five classroom teachers and at most three administrators). I have drawn this conclusion on the basis of the Arkansas Supreme Court's rule of statutory construction under which statutory language must be interpreted so as to give it its plain, commonly understood meaning.Cheqnet Systems v. State Bd. of Collection Agencies, 319 Ark. 252,890 S.W.2d 595 (1995).
The statute addressing membership on the personnel policy committee (A.C.A. § 6-17-203), states:
Committee for each school district.
 (a) Each school district shall have a committee on personnel policies which shall consist of no fewer than five (5) classroom teachers, and no more than three (3) administrators, one of which may be the superintendent.
 (b) The classroom teacher members of each district's committee on personnel policies shall be elected by a majority of the classroom teachers voting by secret ballot. The election shall be solely and exclusively conducted by the classroom teachers, including the distribution of ballots to all classroom teachers.
A.C.A. § 6-17-203.
If this statutory language is given its plain, commonly understood meaning, it clearly sets forth only two requirements for membership on the personnel policy committee: The members must either be classroom teachers or they must be administrators. The statute states no other limitations or requirements.
Because of their day-to-day direct involvement with the Arkansas school district, and the impact of its policies on their daily work, the Louisiana personnel clearly have a legitimate personal interest in the policies of that district.
I therefore conclude that if the certified personnel about whom you have inquired are either "classroom teachers," or are "administrators," they can serve on the school district's personnel policy committee, regardless of the fact that they are paid under a contract with and work under the policies of a school district in an adjoining state.
Question 2 — If so, can the classroom teachers elect three members of thecommittee from Louisiana and five members from Arkansas?
It is my opinion that the classroom teachers can elect three committee members from Louisiana and five members from Arkansas, provided that such choice is the will of the majority of classroom teachers, and provided that the voting was conducted by secret ballot.
The Arkansas Supreme Court has interpreted the provisions of A.C.A. §6-17-203 as giving wide latitude to the classroom teachers in exercising their choices for membership on the peronnel policies committee. SeeNathaniel v. Forrest City Sch. Dist. No. 7, 300 Ark. 513, 780 S.W.2d 539
(1989). The only explicit restrictions on the exercise of this latitude, expressed in the statute, are that the classroom teachers must act as a majority, and that the voting must be conducted by secret ballot. If these requirements are met, I conclude that a choice of three committee members from Louisiana and five members from Arkansas is legally acceptable.
Your question implicitly raises the issue of whether a school district can have a pre-determined policy of having a certain limited number of members from the adjoining state and a certain number of members from Arkansas. It is my opinion that if such a policy reflects the will of the majority of classroom teachers, it is permissible. However, a policy of this nature that is formulated and placed into effect without the input of the majority of classroom teachers would, in my opinion, violate A.C.A. § 6-17-203, because it would circumvent or even directly interfere with the majority's ability to express its will as to the membership of the committee.
Question 3 — Can the members of the committee from Louisiana choose notto vote on salary or other policies dealing with Arkansas personnel andonly vote on school policies affecting general rules?
It is my opinion that the committee members from Louisiana may not decline to vote on selected matters. The statute structures the committee in such a way as to allow the classroom teachers to have personnel policy decisions made by the full number of representatives whom they have elected by majority vote. If those representatives may selectively choose the issues on which they will vote, certain issues could be decided by a select group who are not truly representative of the entire group of classroom teachers. This scenario does not allow for the possibility that some committee members may have been elected by the majority because of their wisdom and decision-making ability, without regard to whether they will personally be affected by the decisions that are made. Those who elected such members for this reason will be denied the benefit of their chosen representatives' input into those selected decisions. The statute is phrased in such a way as to allow for a committee structure that will assure all representatives' votes on all issues. For this reason, it is my opinion that a structure allowing selective voting would undermine the effect of the statute.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh