Ms. Glenna Butler, Chair Arkansas Towing and Recovery Board P.O. Box 8285 Searcy, Arkansas 72145
Dear Ms. Butler:
This opinion is being issued in response to your recent question regarding the provisions of A.C.A. § 27-50-1201 et seq., which provide for the removal of unattended or abandoned vehicles. Your correspondence indicates that your question is as follows:
 What is the meaning of the phrase "business hours" as used in A.C.A. § 27-50-1208?
The phrase "business hours" is used in A.C.A. § 27-50-1208 to describe the time period during which a towing-storage firm must allow vehicle owners to regain possession of their vehicles.
The provisions of A.C.A. § 27-50-1208 grant a possessory lien to towing-storage firms who are contracted to remove unattended and abandoned vehicles. The provisions of the statute also set forth the procedures to be followed by such firms in the removal and storage of such vehicles. The section of that statute which is pertinent to your question requires the towing-storage firm to give notice to the vehicle owner.
Among the information that must be stated in the notice is a statement:
 That the owner may retake possession at any time during business hours by appearing, proving ownership, and paying all charges or by other written arrangement between himself or herself and the towing-storage firm. . . .
A.C.A. § 27-50-1208(d)(5).
The provisions of A.C.A. § 27-50-1201 et seq. do not define the phrase "business hours." In the absence of such a definition, it is appropriate, in interpreting statutory language, to give the words their ordinary and usually accepted meanings in common language. See CheqnetSystems v. State Bd. of Collection Agencies, 319 Ark. 252, 890 S.W.2d 595
(1995). It is also appropriate to interpret the statutory language by looking to the subject matter, the object to be accomplished, and the purpose to be served by the statute. Kifer v. Liberty Mut. Ins. Co.,777 F.2d 1328 (8th Cir. 1985).
Taking this approach to an interpretation of the phrase "business hours," as used in A.C.A. § 27-50-1208, it would appear that the purpose to be served by the pertinent section of the statute is to allow vehicle owners to regain possession of their vehicles at a time when an authorized person is available to carry out the mandates of the statute, which are to accept proof of ownership, accept payment, enter into a written agreement with the owner for an alternative payment arrangement if necessary, and release the vehicle to the owner. A.C.A. § 27-50-1208(d)(5).
I therefore conclude that the phrase "business hours," as used in A.C.A. § 27-50-1208(d)(5), means the hours during which the towing-storage firm holds itself out to the public as having a person available who is authorized to carry out the tasks described above that are mandated by the statute.[1]
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] It should be noted that the Attorney General's Office, being a member of the executive branch of government, cannot formulate a controlling definition of any term where the legislative branch has elected not to do so. See Op. Att'y Gen. No. 93-272.