The Honorable David Malone State Senator P.O. Box 1048 Fayetteville, Arkansas 72701-1048
Dear Senator Malone:
This opinion is being issued in response to your recent question regarding the dispositional alternatives that may be imposed upon juveniles who have been adjudicated as delinquent.
The various dispositional alternatives are set forth in A.C.A. §9-27-330, as amended. The particular alternative about which you have specifically inquired states:
 (a) If a juvenile is found to be delinquent, the court may enter an order making any of the following dispositions based upon the best interest of the juvenile:
* * *
 (11)(A)(i) Order that the juvenile remain in a juvenile detention facility for an indeterminate period not to exceed ninety (90) days.
A.C.A. § 9-27-330(a)(11)(A)(i).
Regarding the above-quoted provision, you have presented the following question:
 Does the use of the term "indeterminate" mean that the judge may not sentence a juvenile to a particular number of days, but may only sentence him to juvenile detention, in which event the juvenile detention facility would make the determination as to how many days would be served, such as when offenders are sent to the Division of Youth Services?
RESPONSE
It is my opinion that the use of the term "indeterminate" means that, as with commitments to the Division of Youth Services, the judge may choose not to specify the length of the juvenile's stay, and may leave that determination to the detention facility.
I have reached this conclusion by applying the Arkansas Supreme Court's rule of statutory interpretation under which the language under consideration is to be given its ordinary and usually accepted meaning.See, e.g., Cheqnet Systems v. State Bd. of Collection Agencies,319 Ark. 252, 890 S.W.2d 595 (1995). The word "indeterminate" is defined in the Merriam-Webster Dictionary as "not known in advance," "not limited in advance," or "not leading to a definite end or result." These ordinary and usually accepted meanings of the word "indeterminate" dictate an interpretation of the statute under which the judge does not know or limit the length of the juvenile's stay in advance, nor does the judge enter a ruling that would lead to a definite end or result.
This interpretation is bolstered by the fact that the legislature, in effect, described the meaning of its use of the term "indeterminate" in A.C.A. § 9-27-331, which addresses commitments to the Division of Youth Services. There, the legislature is unequivocal in its grant to the Division of the responsibility of determining the length of the juvenile's stay. Although the lack of similar specificity in the section addressing continued detention in a detention facility could give rise to a concern that the legislature had different intentions with regard to such dispositions, I find it unlikely that the legislature would have used the same terminology within the same act to reflect differing intentions. I must therefore conclude that the legislature intended that juvenile judges be given the leeway to delegate an equivolent responsibility to detention facilities in cases where continued detention is the chosen disposition.[1]
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] It might be noted that the grant to both the Division of Youth Services and to detention facilities of sentencing responsibilities could be viewed as a violation of the principle of separation of powers. However, it is my opinion that any separation of powers concerns are offset by certain built-in limitations, checks, and balances on the grant of that responsibility. More specifically, the legislature has unequivocally left ultimate jurisdiction of both commitments to the Division of Youth Services and continued detention in a detention facility with the courts, stating: "The juvenile court shall specifically retain jurisdiction to amend or modify any orders entered pursuant to subdivisions (a)(4)-(12) of this section. See also A.C.A. §9-27-331(a)(4). In addition, the court is required to continue to review delinquency cases periodically. A.C.A. § 9-27-337 and -338. Any change in an adjudicated juvenile delinquent's disposition can be affected only after a hearing before the juvenile court. A.C.A. § 9-27-337. Id.