The Honorable Stuart Vess State Representative 6717 Pontiac Drive North Little Rock, Arkansas 72116
Dear Representative Vess:
This opinion is being issued in response to your recent question regarding teacher salaries.
The basis for your question is a scenario in which a school district and a teacher enter into a contract under the terms of which the school year is to consist of 185 days, and the teacher is to receive an agreed-upon salary. At the end of that school year, the district tenders a contract to the teacher for the following school year. Under the terms of the new contract, the school year is to consist of 220 days, but the teacher's daily hours are to be shortened. The effect of these two changes is that the actual number of hours that the teacher will be required to be on campus will remain the same. Under the terms of the new contract, the teacher's salary is to remain the same.
With the foregoing scenario as a background, you have presented the following question:
 If a school district extends the number of days in its school year from one contractual year to the next, must it pay its teachers a proportionate increase in salary based on the added days?
It is my opinion that if a school district increases the number of days in its school year from one year to the next, it must pay its teachers a proportionate increase in salary, calculated on the basis of the additional days.
Your question is governed by the provisions of A.C.A. § 6-17-807, which states:
 If additional days are added to a teacher's contract or if the teacher is required to work more days than provided for under the teacher's contract, then the teacher's pay under the contract shall be increased proportionately so that the teacher will receive pay for each day added to the contract or each additional day the teacher is required to work at no less than the daily rate paid to the teacher under the teacher's contract.
A.C.A. § 6-17-807.
Although the language of A.C.A. § 6-17-807 does not explicitly state that the statute applies to situations in which the extra days are added to the following school year, the emergency clause of Act 712 of 1989, in which this statute originally appeared, does so specify.[1] It states:
 It is hereby found and determined by the General Assembly of the State of Arkansas that school districts in this state are increasing teacher contract days from one school year to the next with no guarantee to the teacher of a daily pro rata increase in pay based on the salary schedule of the district for the next school year; that districts are requiring to make decisions regarding continued employment of teachers by May 1; and that teachers will not be adequately compensated for the 1989-90 school year and thereafter so that immediate implementation of this Act is necessary to preserve the peace, safety and health of citizens and teachers of the State of Arkansas. . . .
Acts 1989, No. 712, § 4 (Mar. 20, 1989).
The foregoing language indicates that the legislature clearly intended to provide for a proportional increase in teachers' pay, in situations where the district increases the number of days in the school year from one year to the next.
It is also significant to note that the legislature explicitly required that the proportional increase in the teachers' pay be calculated on the basis of the teachers' daily rate of pay (". . . no less than the daily rate paid to the teacher under the teacher's contract." A.C.A. §6-17-807.) This language is unambiguous, and therefore must be given its plain meaning. Cheqnet Systems, Inc. v. State Bd. of Collection Agencies,319 Ark. 252, 890 S.W.2d 595 (1995). The statute leaves no room for a calculation of teachers' salaries on an hourly basis.
I therefore conclude that if a school district increases the number of days in its school year from one year to the next, it must proportionately increase its teachers' salaries, calculating the increase on the basis of the number of additional days in the school year.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] It is appropriate to consider the emergency clause in determining legislative intent, where that intent is not apparent from the language of the legislation in question. Farm Bureau Mut. Ins. Co. of Ark. v.Wright, 285 Ark. 228, 686 S.W.2d 778 (1985).