The Honorable W.K. McGehee, Jr. State Representative P.O. Box 4106 Fort Smith, Arkansas 72914-4106
Dear Representative McGehee:
This official Attorney General opinion is rendered in response to your question regarding the release of certain records concerning members of the Ft. Smith City Board of Directors, under the Arkansas Freedom of Information Act.
You indicate that a newspaper reporter has requested the right to inspect individual subscriber payment records maintained by the municipally-operated water system. The reporter has specifically requested the right to see the payment records of elected members of the City Board of Directors. Some of the Board members have objected on the basis of their belief that disclosure of these records would constitute an invasion of their personal privacy.
In light of this situation, you have presented the following questions:
 (1) Does the Arkansas Freedom of Information Act require disclosure of customer-specific payment history records of a municipally-owned water system?
 (2) Does any other source of law, such as the constitutional principle discussed in McCambridge v. City of Little Rock, 298 Ark. 219, 766 S.W.2d 909 (1989), provide an exemption that would justify the withholding of such records?
RESPONSE
Question 1 — Does the Arkansas Freedom of Information Act requiredisclosure of customer-specific payment history records of amunicipally-owned water system?
It is my opinion that the Arkansas Freedom of Information Act (FOIA) (codified at A.C.A. § 25-19-101 to -107) does require the disclosure of the requested records, and contains no exemption that would justify the withholding of such records.
As an initial matter, I must point out that it is clear that the payment records that have been requested fall squarely within the definition of "public records" that is stated in the FOIA. "Public records" are defined as follows in the FOIA:
As used in this chapter, unless the context otherwise requires:
 (1) "Public records" means writings, recorded sounds, films, tapes, or data compilations in any form, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(1).
The FOIA goes on to provide that "public records" are to be made open to the citizens of the State of Arkansas, if requested. A.C.A. §25-19-105(a). Although the Act does provide for certain exemptions that allow certain records to be withheld from disclosure, none of the stated exemptions, in my opinion, applies to the payment records about which you have inquired.
The exemptions are stated as follows:
 It is the specific intent of this section that the following shall not be deemed to be made open to the public under the provisions of this chapter:
(1) State income tax records;
(2) Medical records, scholastic records, and adoption records;
 (3) The site files and records maintained by the Arkansas Historic Preservation Program and the Arkansas Archeological Survey;
(4) Grand jury minutes;
 (5) Unpublished drafts of judicial or quasijudicial opinions and decisions;
 (6) Undisclosed investigations by law enforcement agencies of suspected criminal activity;
 (7) Unpublished memoranda, working papers, and correspondence of the Governor, members of the General Assembly, Supreme Court Justices, and the Attorney General;
 (8) Documents which are protected from disclosure by order or rule of court;
 (9)(A) Files which, if disclosed, would give advantage to competitors or bidders; and
 (B) Records maintained by the Arkansas Industrial Development Commission related to any business entity's planning, site location, expansion, operations, or product development and marketing, unless approval for release of such records is granted by the business entity; provided, however, this exemption shall not be applicable to any records of expenditures or grants made or administered by the Arkansas Industrial Development Commission and otherwise disclosable under the provisions of this chapter;
 (10) Personnel records to the extent that disclosure would constitute clearly unwarranted invasion of personal privacy; and
 (11) The identity of law enforcement officers currently working undercover with their agency and identified in the Arkansas Minimum Standards Office as an undercover officer. Records of the number of undercover officers an agency lists are not exempt from this chapter.
A.C.A. § 25-19-105(b).
The Arkansas Supreme Court has consistently held that the exemptions from disclosure are to be narrowly construed, and will be interpreted in a manner that favors disclosure. Young v. Rice, 308 Ark. 593,826 S.W.2d 252 (1992). The court has also held that there must be a specific statutory mandate to exempt public records from disclosure. See Byrne v.Eagle, 319 Ark. 587, 892 S.W.2d 487 (1995); Troutt Bros. v. Emison,311 Ark. 27, 841 S.W.2d 604 (1992).
The language of the above list of records that are exempt from disclosure under the FOIA is unambiguous, and therefore must be interpreted just as it reads. Cheqnet Sys. v. State Bd. of Collection Agencies,319 Ark. 252, 890 S.W.2d 595 (1995). Payment history records such as those about which you have inquired are plainly not included on the list of records that are exempt from disclosure under the FOIA.
Moreover, the only records in connection with which the possibility of an invasion of privacy justifies the withholding of the records are "personnel records." A.C.A. § 25-19-105(10). Because the records about which you have inquired clearly do not constitute "personnel records," the exemption created by the possible invasion of privacy under § 105(10) does not apply.
I must therefore conclude that the FOIA requires the disclosure of the requested records, and that it contains no exemption that would justify the withholding of the records.
Question 2 — Does any other source of law, such as the constitutionalprinciple discussed in McCambridge v. City of Little Rock, 298 Ark. 219,766 S.W.2d 909 (1989), provide an exemption that would justify thewithholding of such records?
It is my opinion that the constitutional principle discussed in theMcCambridge case could give rise to a claim that certain information should not be made public, on the grounds that its disclosure would constitute an invasion of privacy. This principle must therefore be considered in order to determine whether, under the specific facts of the case, the withholding of the records in question would be justified. Because such a consideration involves an evaluation of facts of which I may be unaware, I am unable to opine conclusively as to whether this constitutional principle would operate to preclude disclosure of the records about which you have inquired. Nevertheless, it is my opinion that under the facts that have been presented to me, the constitutional principle discussed in McCambridge does not appear to provide a basis for the withholding of these records.
In McCambridge v. City of Little Rock, 298 Ark. 219, 766 S.W.2d 909
(1989), the Arkansas Supreme Court recognized the protectability of individual privacy interests on constitutional grounds. The court further recognized that the protection of such privacy interests can supersede the specific disclosure requirements of the FOIA. Id. In order to be protectable on this ground, the privacy interest at issue must be of an extremely personal nature. In addition, there must be a showing that the harm that would result to the individual as a result of the release of the information in question outweighs the importance of disclosing it.Id.
The McCambridge court specifically held that the constitutional privacy interest applies to matters that (1) an individual wants to and has kept confidential; (2) can be kept confidential but for the challenged governmental action in disclosing the information; and (3) would be harmful or embarrassing to a reasonable person if disclosed. The court further held that if these attributes apply to the matters in question, it must then be considered whether the governmental interest in disclosure under the Act (i.e., the public's legitimate interest in the matter) outweighs the individual's privacy interest in their non-disclosure. (As always, the person claiming the right will have the burden of establishing it.)
Like other exemptions to disclosure under the FOIA, the constitutional privacy interest is to be narrowly construed and applied.
Professor John Watkins, a commentator on the Arkansas Freedom of Information Act, in discussing the developing constitutional right of privacy that was applied in McCambridge, has observed that "[t]he court's application of these standards in the McCambridge case suggests that it is not willing to apply the constitutional right to privacy in an expansive fashion." See WATKINS, Arkansas Freedom of Information Act, 2d Ed. 1994 at 156. Professor Watkins has also observed that "the right is not absolute, and must at times give way to societal interests in disclosure." Id. at ch. 4, n. 89. These observations are consistent with the legislature's statement of the purpose and policy of the FOIA, as follows:
Legislative intent.
 It is vital in a democratic society that public business be performed in an open and public manner so that the electors shall be advised of the performance of public officials and of the decisions that are reached in public activity and in making public policy. Toward this end, this chapter is adopted, making it possible for them, or their representatives to learn and to report fully the activities of their public officials.
A.C.A. § 25-19-102.
The Arkansas Supreme Court has also acknowledged this general openness purpose and policy of the FOIA, holding that the Act should be liberally interpreted to accomplish the purpose of promoting free access to public information and in order to counterbalance the self-protective instincts of the governmental bureaucracy. See Johninson v. Stodola, 316 Ark. 423,872 S.W.2d 374 (1994); Bryant v. Mars, 309 Ark. 480, 830 S.W.2d 869
(1992); McCambridge v. City of Little Rock, 298 Ark. 219, 766 S.W.2d 909
(1989).
Applying all of the above precepts to the situation that you have described, it is my opinion that unless facts of which I am unaware would indicate otherwise, the payment history records that have been requested do not appear to rise to the level of protectability on constitutional privacy grounds that has been recognized by the Arkansas Supreme Court, for the following reasons: (1) The information that is normally contained in the payment records of a municipal utility is not of an extremely personal nature; (2) Such information is not normally information that the individual customers can keep confidential but for the challenged governmental action in disclosing the information;[1] (3) Such information is not normally information that would be harmful or embarrassing to a reasonable person if disclosed; and (4) The public has a legitimate interest in assuring that both the publicly-funded utility and the elected public officials are in compliance with requirements of state law prohibiting special utility rates for public officials. See
A.C.A. § 14-42-108. Moreover, it is my opinion that this legitimate public interest outweighs any interest that the various individuals might have in keeping payment history information private.
I note again that because of the fact-intensive nature of an evaluation of the applicability of the constitutional privacy principle, I cannot opine conclusively with regard to this matter. However, the facts that have been presented to me appear to indicate that the payment history records that have been requested are not protectable on constitutional privacy grounds, and should therefore be released.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] You indicate that some of the city directors believe that the payment records are akin to credit histories and should therefore be withheld from disclosure on the same grounds that a credit history would be withheld. I have previously opined that credit histories can be released under federal law, and that the courts would therefore be unlikely to recognize a protectable constitutional privacy interest in such histories. See Op. Att'y Gen. No. 91-347.