The Honorable Douglas C. Kidd State Representative P.O. Box 137 Benton, Arkansas 72018
Dear Representative Kidd:
This official Attorney General opinion is issued in response to two questions that you have raised concerning the duties of prosecuting attorneys.
You have asked:
 (1) Is the prosecuting attorney or his deputy serving the county required to provide legal advice, opinions, and other legal services requested by the quorum court when no other provision has been made for legal counsel for the quorum court?
 (2) If the prosecuting attorney or his deputy serving a county fails or refuses to provide legal assistance requested by the quorum court, what recourse is available against the prosecuting attorney or deputy?
Response
Question 1 — Is the prosecuting attorney or his deputy servingthe county required to provide legal advice, opinions, and otherlegal services requested by the quorum court when no otherprovision has been made for legal counsel for the quorum court?
It is my opinion that the prosecuting attorney or his deputy is required to provide legal advice, opinions, and other legal services requested by the quorum court, unless the quorum court has provided otherwise, or, with regard to civil matters, unless the county is served by a county attorney.
The prosecuting attorney's duty to the quorum court arises out of the provisions of A.C.A. § 14-14-902(b), which state in pertinent part:
14-14-902. Quorum court administration.
 (b) COUNSEL. (1) LEGAL COUNSEL. The prosecuting attorney or his deputy serving each county shall serve as legal counsel of the quorum court unless otherwise provided by county ordinance.
 (2) ALTERNATIVE DESIGNATION OF LEGAL COUNSEL. A quorum court may, by ordinance, provide for the appropriation of county funds for the employment of legal counsel to serve the court.
 (3) DUTIES OF LEGAL COUNSEL. The legal counsel of a quorum court shall:
 (A) Attend all regular and special meetings of the court;
(B) Perform all duties prescribed in this chapter; and
 (C) Perform all other duties as may be required by a quorum court.
A.C.A. § 14-14-902(b). (See also A.C.A. § 16-21-102, which states: "The prosecuting attorney, without fee or reward, shall give his opinion to any county or township office in his judicial district, on matters of criminal law in which the state or county is concerned, pending before the official.")
There are two exceptions to the prosecuting attorney's duty to the quorum court. One of the exceptions, stated in the above-quoted statute, occurs when the quorum court, by ordinance, provides for legal counsel other than the prosecuting attorney. A.C.A. §14-14-902(b)(1) and (2).
The other exception to the prosecuting attorney's duty to the quorum court occurs with regard to civil matters in counties where the quorum court has established the office of county attorney. This exception is stated in A.C.A. § 16-21-114, as follows:
16-21-114. County attorneys.
 (d) All civil duties provided by the laws of the State of Arkansas or the ordinances of the several counties to be performed by the prosecuting attorney shall be performed by the county attorney in those counties which have established the office of civil attorney.
A.C.A. § 16-21-114(d).
The language of both A.C.A. § 14-14-902(b) and A.C.A. § 16-21-114
is unambiguous, and must therefore be interpreted just as it reads. Cheqnet Sys. v. State Bd. of Collection Agencies, 319 Ark. 252,890 S.W.2d 595 (1995).
For this reason, I must conclude that prosecuting attorneys are required to provide legal advice, opinions, and other legal services requested by the quorum court, unless the quorum court has provided otherwise for legal counsel, or, with regard to civil matters, unless the county is served by a county attorney.
Question 2 — If the prosecuting attorney or his deputy serving acounty fails or refuses to provide legal assistance requested bythe quorum court, what recourse is available against theprosecuting attorney or deputy?
It is my opinion that the remedy of a writ of mandamus is available against prosecuting attorneys for failing or refusing to provide legal assistance requested by the quorum court. The procedure for obtaining a writ of mandamus is set forth in A.C.A. § 16-115-101 et seq. In addition, prosecuting attorneys may be prosecuted for such failure or refusal, pursuant to A.C.A. §16-21-116.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh