The Honorable John E. Brown State Senator 17900 Ridgeway Drive Siloam Springs, Arkansas 72761-8866
Dear Senator Brown:
This official Attorney General opinion is rendered in response to certain questions that you have presented concerning Act 244 of 1997, which affects the membership of the Arkansas Board of Examiners in Counseling. The portion of the Act with which you are concerned states as follows:
 SECTION 2. Arkansas Code 17-27-201 is amended to read as follows:
"17-27-201. Creation — Members.
 (a) There is created a board to be known as the Arkansas Board of Examiners in Counseling consisting of nine (9) members who shall be appointed by the Governor.
 (b) Appointments shall ensure that the board consists of citizens of the United States, residents of Arkansas, at least one (1) member of each sex, and at least one (1) member of an ethnic minority.
(c) (1) The composition of the board shall include:
 (A) Six (6) licensed or licensable counselors, three (3) who are practicing counselors and three (3) who are counselor educators or supervisors, one of which shall also be a licensed marriage and family therapist, if available. These members shall be appointed from a list submitted to the Governor, not later than November 1 of each year, by the Executive Committee of the Arkansas Counseling Association;
 (B) One licensed marriage and family therapist. This member shall be appointed from a list submitted to the Governor, not later than November 1 of each year, by the Board of Directors of the Arkansas Association for Marriage and Family Therapists.
 (C) One (1) member from the general public, who is not licensed or licensable, who shall represent consumers. This member shall be appointed from a list submitted to the Governor, not later than November 1 of each year, by the Executive Committee of the Arkansas Counseling Association; and
 (D) One (1) member who shall represent the elderly. This member shall be sixty (60) years of age or older and not actively engaged in or retired from the profession of counseling. He or she shall be appointed from the state at large subject to confirmation by the Senate and shall be a full voting member, but shall not participate in the grading of examinations.
 (2) The same person may not be both the consumer representative and representative of the elderly.
 (d) Board members shall be appointed for a three-year term.
 (e) Vacancies for the unexpired terms of the professional members and the consumer member shall be filled by the Governor from candidates submitted within thirty (30) days of the vacancy by the Executive Committee of the Arkansas Counseling Association and the Board of Directors of the Arkansas Association for Marriage and Family Therapists. The appointments shall be made within thirty (30) days after the candidate's names have been submitted.
 (f) Any board member may be removed by the Governor, after written notice and hearing, for incapacity, incompetence, neglect of duty, or malfeasance in office.
 (g) Board members shall be ineligible for reappointment for a period of three (3) years following completion of their terms.
 (h) The members shall immediately and before performing public duties take the constitutional oath of office. They shall file the oath in the office of the Governor who, upon receiving it, shall issue to each member a certificate of appointment.
 (i) Each member shall receive all necessary expenses incident to holding meetings; provided, that the expenses shall in no case exceed funds available to the board."
Acts 1997, No. 244, § 2.
With regard to the above-quoted provisions, you have presented the following questions:
 (1) Who determines the eligibility requirements under A.C.A. § 17-27-201(c)(1)(A) to serve on the Arkansas Board of Examiners in Counseling?
 (2) What are the minimum qualifications for a person to be considered a "counselor educator or supervisor" for appointment purposes under A.C.A. § 17-27-201?
 (3) Must a person who is appointed as a "counselor educator or supervisor" be employed full time in that position?
 (4) May a person who is appointed as a "counselor supervisor" be a counselor who has supervisory responsibilities?
 (5) Must those individuals who are licensed marriage and family therapists and who are also statutorily eligible (i.e., meet the qualifications requirements) be included on the Arkansas Counseling Association's list of candidates submitted to the Governor for possible appointment to the Arkansas Board of Examiners in Counseling?
Response
Question 1 — Who determines the eligibility requirements underA.C.A. § 17-27-201(c)(1)(A) to serve on the Arkansas Board ofExaminers in Counseling?
It is my opinion that the eligibility requirements for each of the board positions listed under A.C.A. § 17-27-201(c)(1)(A) have already been determined by the legislature, and have either been explicitly set forth by statute, or can be ascertained from the language of the statute by application of the rules of statutory interpretation. The qualifications, therefore, need not be determined.
However, the issue of whether a candidate for membership on the board meets these eligibility requirements must, as a practical matter, be determined in the first instance by the Executive Committee of the Arkansas Counseling Association, inasmuch as that committee is required to submit a list of candidates for the board to the governor. Again, however, the committee does not determine the qualifications; the qualifications are established by law. Rather, the committee's role is to determine whether candidates for appointment to the board meet the qualifications that already have been established by law.
It follows, then, that the committee must be familiar with the already-established qualifications for "licensed or licensable counselors," "practicing counselors," "counselor educators or supervisors," and "licensed marriage and family therapist."
The qualifications to be a "licensed [or licensable] counselor" are explicitly set forth in A.C.A. § 17-27-301. See also A.C.A. §17-27-102(1). Similarly, the qualifications to be a "licensed marriage and family therapist" are explicitly set forth in A.C.A. § 17-27-303. See also A.C.A. § 17-27-102(3). The qualifications to be a "practicing counselor" or a "counselor educator or supervisor" are not specified in the statute, but can be ascertained by an application of the rules of statutory interpretation that have been developed by the Arkansas Supreme Court. See discussion, infra, in response to Question 2.
Accordingly, the committee can, by reference either to the statute itself, or to the rules of statutory interpretation, determine whether a particular person meets the qualifications to be named as a candidate for appointment to the board.
Question 2 — What are the minimum qualifications for a person tobe considered a "counselor educator or supervisor" for appointmentpurposes under A.C.A. § 17-27-201?
As noted previously, the qualifications to be a "counselor educator or supervisor" are not specified in the statute. This office has consistently taken the position that in the absence of a legislatively- or judicially-formulated definition, it is inappropriate for the Attorney General, being a member of the executive branch of government, to formulate a controlling definition. For the Attorney General to do so would constitute an impermissible violation of the separation of powers principle embodied in Article 4 of the Arkansas Constitution. See Ops. Att'y Gen. Nos. 96-226; 96-142; 95-400; 95-296; 93-272.
Nevertheless, the phrase "counselor educator or supervisor" can be analyzed under the rule of statutory interpretation which holds that in the absence of a statutory definition, it is appropriate to give the words of a statute their ordinary and usually accepted meanings in common language. Cheqnet Systems v. State Bd. ofCollection Agencies, 319 Ark. 252, 890 S.W.2d 595 (1995).
When this rule is applied to the phrase "counselor educator or supervisor," as used in A.C.A. § 17-27-201(c)(a)(A), the phrase appears to be broad enough to include a wide range of individuals. The ordinary and usually accepted meanings of the terms "counselor," "educator," and "supervisor" indicate that a "counselor educator or supervisor" could include any number of types of counselors, including: counselors who engage in the training of other counselors on a full-time or part-time basis, counselors who supervise other counselors either in a work context or an educational context, counselors who have been officially designated by the profession as educators or supervisors, counselors who occasionally hold training seminars, or any number of other types of counselors who engage in educational or supervisory activities.
Therefore, while I cannot define the phrase "counselor educator or supervisor," as used in A.C.A. § 17-27-201, I can conclude, on the basis of the rules of statutory interpretation, that the phrase is broad enough, as currently stated, to include a wide range of potential candidates for appointment. If that range of potential candidates is to be narrowed, this must be done legislatively.
Question 3 — Must a person who is appointed as a "counseloreducator or supervisor" be employed full time in that position?
It is my opinion that a person who is appointed as "counselor educator or supervisor" need not be employed full time in that position.
There is nothing in the language of A.C.A. § 17-27-201 that would indicate a such a requirement. The statute states no requirement that the appointed "counselor educator or supervisor" be employed full-time in an education or supervisory position, nor can such a requirement be implied from the language of the statute. The statute does not indicate the percentage of the appointed "counselor educator or supervisor's time that must be devoted to educational or supervisory activities, just as it makes no similar indication with regard to the members who are appointed as "practicing counselors" or as "licensed marriage and family therapists."
I must therefore conclude that the "counselor educators or supervisors" who are appointed to the board need not be employed in full-time positions as counselor educators or supervisors.
Question 4 — May a person who is appointed as a "counselorsupervisor" be a counselor who has supervisory responsibilities?
For the reasons stated in response to Questions 2 and 3, it is my opinion that a person who is appointed as a "counselor supervisor" may be a counselor who has supervisory responsibilities.
Question 5 — Must those individuals who are licensed marriage andfamily therapists and who are also statutorily eligible (i.e.,meet the qualifications requirements) be included on the ArkansasCounseling Association's list of candidates submitted to theGovernor for possible appointment to the Arkansas Board ofExaminers in Counseling?
It is my opinion that if there are individuals who are licensed marriage and family therapists and who are also statutorily eligible to be appointed to the board, the Arkansas Counseling Association's must include nominees from that group of individuals on the list that it submits to the governor. However, the statute does not require that all such individuals be included on the list.
I base my conclusion regarding this matter upon the fact that, under the language of the statute, the appointment of such an individual is mandatory, if such an individual is available. More specifically, the statute states:
(c) (1) The composition of the board shall include:
 (A) Six (6) licensed or licensable counselors, three (3) who are practicing counselors and three (3) who are counselor educators or supervisors, one of which shall
also be a licensed marriage and family therapist, if available.
A.C.A. § 17-27-201(c)(1)(A) (emphasis added).
The Arkansas Supreme Court has held many times that the use of the word "shall" in legislation indicates a legislative intent that the legislation's provisions be mandatory, rather than discretionary. See, e.g., Campbell v. State, 311 Ark. 641,846 S.W.2d 639 (1993).
In the case of A.C.A. § 17-27-201, the mandatory nature of the requirement that a licensed marriage and family therapist be appointed is contingent upon there being such an individual available.
For this reason, I conclude that the Arkansas Counseling Association's list must include nominees from the available group of otherwise-qualified licensed marriage and family therapists. The statute makes no mention of how many such nominees the list must include, nor does it state any requirement that all such individuals be named as nominees. Under A.C.A. § 17-27-201, the governor must appoint at least one such individual; accordingly, the governor must be provided with the name of at least one nominee for appointment to the board, if there is such a qualified individual.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh