MOORE v MARSHALL

Docket No. 76271. Submitted November 15, 1984, at Lansing.—Decided January 29, 1985.

Judge Marion Moore receives hospitalization insurance through Bankers Life Company as part of her retirement benefits from the Detroit Police Department. Upon being elected as a 36th District Court Judge, Judge Moore sought additional hospitalization benefits through Blue Cross and Blue Shield of Michigan. As District Control Unit for the 36th District Court, the City of Detroit denied her the additional benefits, because the city code prohibits duplicate hospitalization and surgical benefits to members of the city's employee benefit plan, including retired subscribers. Judge Moore then sought a writ of mandamus in the Wayne Circuit Court to order Bella I. Marshall, Finance Director of the City of Detroit, to pay her BCBSM premiums. The Circuit Court denied the writ, Irwin H. Burdick, J. Judge Moore appeals. *Held:*

1. The city has no legal duty to provide Judge Moore with duplicate hospitalization coverage. A writ of mandamus was properly denied.

2. Judge Moore has not been denied any financial benefit provided upon her retirement from the police department.

3. Hospitalization insurance is a fringe benefit. There is no claim that Judge Moore is receiving a lower salary than the other judges.

4. There is no claim that the other district court judges are receiving duplicate benefits and appellant does have hospitalization insurance coverage.

5. Denial of duplicate coverage does not result in an impermissible added qualification to an elected office.

Affirmed.

MANDAMUS — REMEDIES — EQUITY.

Mandamus is an extraordinary remedy which lies only when there is a clear legal duty incumbent on the defendant and a clear legal right in the plaintiff to the discharge of such duty.

REFERENCE FOR POINTS IN HEADNOTE
52 Am Jur 2d, Mandamus §§ 4, 5.

*William R. McNamee,* for plaintiff.

*Donald Pailen,* Corporation Counsel, and *Frank W. Jackson* and *Trudy D. Archer,* Assistants Corporation Counsel, for defendant.

Before: WAHLS, P.J., and R. M. MAHER and R. E. NOBLE,* JJ.

PER CURIAM. As part of her retirement benefits from the Detroit Police Department, appellant receives hospitalization insurance through Bankers Life Company. Upon being elected as a 36th District Court Judge, appellant sought additional hospitalization benefits through Blue Cross and Blue Shield of Michigan. As District Control Unit for the 36th District Court, the City of Detroit denied appellant the additional benefits because sections 16-9-4 and 16-9-8(f) of the city code prohibit duplicate hospitalization and surgical benefits to members of the city's employee benefit plan, including retired subscribers. Appellant filed in Wayne County Circuit Court a "complaint for superintending control in the nature of mandamus" seeking payment of the BCBSM premiums. The circuit court correctly construed the complaint as requesting a writ of mandamus, GCR 1963, 714, and denied the writ. Appellant has brought this appeal as of right.

Appellant makes her claim of entitlement to hospitalization benefits through both Bankers Life and BCBSM on four grounds: (1) to require appellant to surrender her Bankers Life benefits would diminish a contractual obligation in violation of Const 1963, art 9, § 24, (2) Detroit ordinance 16-9-4 is in derogation of the uniform salary provision of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

MCL 600.8202(2); MSA 27A.8202(2), (3) denial of BCBSM benefits to appellant when 23 other 36th District Court judges receive such benefits denies appellant the equal protection of the law, and (4) the forfeiture of retirement benefits is an impermissible additional qualification to elective office, contrary to Const 1963, art 6, § 19 and MCL 168.467; MSA 6.1467.

The circuit court denied the writ of mandamus, addressing appellant's first three arguments as summarized here: (1) *Van Antwerp v Detroit,* 47 Mich App 707; 210 NW2d 3 (1973), *lv den* 390 Mich 781 (1973), is distinguishable and apppellant has not been denied any financial benefit provided upon her retirement from the police department, (2) hospitalization insurance is a fringe benefit; there is no claim that appellant is receiving a lower salary than the other judges, and (3) there is no claim than the other judges are receiving duplicate benefits and appellant does have hospitalization insurance coverage.

Mandamus is an extraordinary remedy and lies only when there is a clear legal duty incumbent on the defendant and a clear legal right in the plaintiff to the discharge of that duty. *Oakland County Board of County Road Comm'rs v State Highway Comm,* 79 Mich App 505, 509; 261 NW2d 329 (1977), *lv den* 402 Mich 907 (1978). In the instant case, the city has no legal duty to provide appellant with duplicate hospitalization coverage. We agree with the reasoning and result of the circuit court's opinion insofar as it addresses three of appellant's arguments and we find no merit in appellant's fourth contention, that denial of duplicate coverage results in an impermissible added qualification to an elective office.

Affirmed.