GARIAN v CITY OF HIGHLAND PARK

Docket No. 104023. Submitted November 4, 1988, at Detroit. Decided
April 4, 1989.

Plaintiff, Kalem E. Garian, was elected a judge in the 30th
District Court with a term commencing January 1, 1979. For
the first six months of 1979, the City of Highland Park, the
district control unit for the court, authorized and paid plaintiff
a supplemental salary, in addition to the state-approved base
salary, of $17,460 per year and also provided plaintiff with
various fringe benefits, primarily health care-related coverage
and life insurance. In June, 1979, the city council approved a
budget which provided for the continuation of the fringe bene-
fits. The mayor vetoed the provision for fringe benefits and the
city council did not override the veto. The cost of most of the
fringe benefits was deducted from the city-provided supplemen-
tal component of plaintiff's salary for the remainder of his term
of office. Plaintiff then brought an action in the Wayne Circuit
Court against the city, its mayor and members of the city
council seeking a declaratory judgment that the city had imper-
missibly reduced plaintiff's salary by eliminating payment for
the fringe benefits. The trial court, John H. Hausner, J., denied
plaintiff's motion for summary disposition and granted defen-
dants' request for dismissal. Plaintiff appealed.

The Court of Appeals *held:*

Plaintiff's fringe benefits do not constitute part of his salary
paid by the district control unit. Therefore, the deduction for
the benefits from his salary did not contravene the statutory
prohibition against decreasing the judicial salary of a district
court judge.

Affirmed.

JUDGES — DISTRICT COURT JUDGES — UNIFORM SALARY — FRINGE
BENEFITS — DECREASES IN SALARY.

A fringe benefit provided to a district court judge by a district
control unit is not a component of salary for purposes of the
uniform salary provision of the Revised Judicature Act; a

REFERENCES

Am Jur 2d, Judges §§ 66-71.

judge's subsequent loss of fringe benefits does not violate any of his rights to the statutorily provided judicial salary; the deduction of the cost of continuing to provide fringe benefits from the supplemental salary paid by the district control unit does not amount to a decrease in salary prohibited by the act (MCL 600.8202; MSA 27A.8202).

*Garian & Garian* (by *Marie Garian*), for plaintiff.

Before: HOLBROOK, JR., P.J., and MICHAEL J. KELLY and T. M. BURNS,* JJ.

PER CURIAM. Plaintiff, a former district court judge, commenced suit against defendants, City of Highland Park, its mayor and members of its city council, for declaratory relief in a dispute over whether the city had impermissibly reduced plaintiff's judicial salary by eliminating payment for fringe benefits. The circuit court denied plaintiff's motion for summary disposition and instead granted defendants' request for dismissal of the case. We affirm.

The facts upon which the circuit court ruled were undisputed. Plaintiff was elected a judge in the 30th District Court with a term commencing January 1, 1979. The City of Highland Park is the district control unit for the 30th District Court. See MCL 600.8121(15); MSA 27A.8121(15); MCL 600.8104(1); MSA 27A.8104(1). For the first six months of 1979, the city authorized and paid plaintiff a supplemental salary (in addition to the state-provided base salary) at the rate of $17,460 per year and also provided plaintiff with various fringe benefits, primarily health care-related coverages and life insurance. After the city council approved a budget in June of 1979 continuing the fringe benefits, the mayor vetoed the provision for fringe

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

benefits. The city council did not override the veto, and the end result was that the cost of most of the fringe benefits was deducted from the city-provided supplemental component of plaintiff's salary for the remainder of his term of office. Plaintiff contended in his suit that the reduction in compensation derived from the loss of his fringe benefits was prohibited by MCL 600.8202; MSA 27A.8202.

Resolution of this issue is a matter of statutory construction. MCL 600.8202; MSA 27A.8202 governs the salaries of district court judges. It provides, in pertinent part:

> (2) In addition to the salary received from the state, a district judge may receive from a district control unit in which the judge regularly holds court an additional salary as determined by the governing legislative body of the district control unit. Supplemental salaries paid by a district control unit shall be uniform as to all judges who regularly hold court in the district control unit. . . .
>
> *     *     *
>
> (4) Salaries of a district court judge may be increased but shall not be decreased during a term of office except and only to the extent of a general salary reduction in all other branches of government.

It is plaintiff's specific contention that his fringe benefits constituted part of his salary paid by the district control unit. Thus, the deduction for the benefits from his salary contravened the statutory prohibition against a decrease in judicial salary.

In *Moore v Marshall,* 141 Mich App 167; 366 NW2d 26 (1985), this Court rejected the plaintiff judge's claim that she was entitled to hospitalization insurance even though that coverage duplicated benefits enjoyed and earned from previous

employment. This holding was based in part on the conclusion that hospitalization insurance was a fringe benefit for district court judges and therefore not a component of salary for purposes of the uniform salary provision of MCL 600.8202(2); MSA 27A.8202(2).

In an analogous context, this Court in *Elliott v Genesee Co,* 166 Mich App 11; 419 NW2d 762 (1988), held that longevity pay was a fringe benefit and not part of a judicial salary for purposes of the statutory provision in MCL 600.555; MSA 27A.555 limiting the salary of a circuit court judge to ninety-two percent of the salary of a Supreme Court justice.

We agree with these decisions, particularly *Moore,* which construes the same statute as this case. We hold that plaintiff's loss of benefits did not violate any of his rights to the judicial salary provided by MCL 600.8202; MSA 27A.8202. Consequently, the deduction of the cost of those benefits did not amount to a decrease in salary prohibited by MCL 600.8202(4); MSA 27A.8202(4). Because plaintiff's argument that the mayoral veto was unauthorized by the city charter is raised for the first time on appeal, we decline to address it.

Affirmed.