The Honorable Charlotte Schexnayder State Representative P.O. Box 220 Dumas, Arkansas 71639-0220
Dear Representative Schexnayder:
This opinion is being issued in response to your recent questions regarding retirement benefits for municipal judges under the provisions of A.C.A. § 24-8-308.
A.C.A. § 24-8-308 states:
 Any judge of a municipal court to which this subchapter applies who shall have served at least twenty (20) years in office as municipal judge, irrespective of age, shall be eligible to receive retirement benefits provided by this subchapter. If the judge resigns, retires from office, or is succeeded in office by another judge, then he shall receive retirement benefits for and during the remainder of his natural life in an amount equal to one-half (1/2) of the salary payable to him
at the time of his resignation, retirement, or succession in office.
(Emphasis added.)
You have asked:
 If a municipal judge receives retirement benefits under A.C.A. § 24-8-308, should those benefits be calculated as 50% of wages, or 50% of wages plus health insurance premiums that were paid by the municipality?
The law provides no clear guidance in answering your question. The term "salary," as used in A.C.A. § 24-8-308 is not defined in the statute, nor has the Arkansas Supreme Court or Court of Appeals construed the language. In the absence of a statutory or judicial definition, the Office of the Attorney General, being a component of the executive branch of government, is not authorized to provide such a definition. See Ops. Att'y Gen. Nos. 96-142; 95-400; 95-296; 93-272.
Because of the lack of guidance provided in the law with regard to the question that you have raised, I cannot opine conclusively in response to your question. The matter will ultimately have to be clarified either legislatively or judicially.
Nevertheless, in determining the proper course of action to take until such legislative or judicial clarification has been provided, it may be helpful to consider the guidance that the Arkansas Supreme Court has provided for interpreting statutory language. The court has held that in interpreting statutory language, it is appropriate to give the words their ordinary and usually accepted meaning in common language. SeeCheqnet Systems v. State Bd. of Collection Agencies, 319 Ark. 252,890 S.W.2d 595 (1995).
The term salary, in ordinary usage, normally does not encompass insurance benefits. Compensation "packages" are often described in terms of "salaryplus insurance benefits," as though the two were separate items.
The courts of other jurisdictions have interpreted the term "salary" in this way, holding that insurance benefits did not constitute a part of an employee's "salary" for purposes of calculating retirement benefits.See, e.g., Hilligoss v. LaDow, 174 Ind. App. 520, 368 N.E.2d 1365
(1977); Garian v. City of Highland Park, 176 Mich. App. 379,439 N.W.2d 368 (1990).
In light of these factors, I find a sufficient basis for concluding that a court could construe the term "salary" not to include insurance premiums, with the result that such premiums would not be included in the calculation of retirement benefits.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh