The Honorable Chris Raff Prosecuting Attorney 17th East Judicial District 411 North Spruce Street Searcy, AR 72143
Dear Mr. Raff:
This is in response to your request for an opinion on the following questions regarding White County's payment obligations in connection with deputy municipal court clerks:
 1) Pursuant to Arkansas Code Annotated § 16-17-115, is a county obligated to pay one-half the salary and fringe benefits for deputy
municipal clerks appointed pursuant to Arkansas Code Annotated § 16-17-106?
 2) If the answer is no, is there any other state law which requires a county to pay for part or all of the salary and fringe benefits for deputy municipal clerks?
 3) Does a county's obligation to pay for one-half the salary for municipal judges and municipal clerks pursuant to Arkansas Code Annotated § 16-17-115, include payment of one-half of fringe benefits, including medical insurance premiums, retirement, and social security?
Although the language of A.C.A. § 16-15-115 is somewhat unclear, it is my opinion that the county in all likelihood is not required under this provision to pay one-half the salary and fringe benefits for deputy clerks. Nor has my research yielded any other state law requiring such payment. In my opinion, the answer to your third question is also "no."
RESPONSE
Question 1 — Pursuant to Arkansas Code Annotated § 16-17-115, is a countyobligated to pay one-half the salary and fringe benefits for deputymunicipal clerks appointed pursuant to Arkansas Code Annotated §16-17-106?
Although this office has previously opined on several occasions that a county is not obligated under A.C.A. § 16-17-115 to pay any expenses other than one-half the salaries of the municipal judge and municipal court clerks (Op. Att'y Gen. Nos. 97-102, 93-001, 89-267, 88-011, and 84-098), the question regarding a county's obligation with respect todeputy municipal court clerks has not been squarely presented. Thus, while the language in several of these opinions might be read to encompass deputy clerks, in actuality this is a question of first impression.
Section 16-17-115 states in relevant part as follows:
 Except as authorized otherwise,[1] the county wherein a municipal court is held shall pay one-half of the salaries of the judge and the clerks of the municipal courts organized in that county under the provisions of subchapters 2 and 3 of this chapter. . . .
A.C.A. § 16-17-115 (Repl. 1994) (emphasis added).
While it might be contended that the phrase "clerks of the municipal courts" includes deputy clerks, a reading of this language in light of other relevant provisions does not, in my view, support that contention. As an initial matter, the referenced subchapter 2 (under which the municipal courts in White County were presumably organized) provides for only one "municipal court clerk" for the court. See A.C.A. § 16-17-211
(Supp. 1997) (providing that "[t]he judge of any municipal court may appoint a clerk for the court, who shall be designated and known as themunicipal court clerk." Id. at subsection (a) (emphasis added). This supports the conclusion that the phrase "clerks of the municipal courts" in § 16-17-115 is referring in the plural to "the municipal court clerk[s]" appointed by the various municipal court judges pursuant to §16-17-211.[2]
This conclusion is also supported, in my opinion, by the fact that while provision is made in § 16-17-211 for the quorum court's approval of the salary of "the municipal court clerk," (id. at subsection (b)), there is no similar provision for the quorum court's approval of the salaries of deputy municipal clerks. Presumably such approval would, similarly, have been required had the legislature intended for the county to contribute toward deputy clerks' salaries pursuant to § 16-17-115. Instead, the provision authorizing the appointment of deputy municipal court clerks (A.C.A. § 16-17-106) simply states that the municipal court judge may, "with the approval of the governing body of the city," appoint one or more deputy clerks whose salaries "may be less than, but not more than, the salary paid to the municipal court clerk." A.C.A. § 16-17-106(a) and (b) (Repl. 1994). The city, as the appointive authority, is logically the entity responsible for setting the deputy clerk's salary. Accord Op. Att'y Gen. 88-011. The county has no apparent role in either the appointment of deputy municipal court clerks or in the setting of their salaries. Compare A.C.A. § 16-17-107 (Repl. 1994) (requiring that each political subdivision responsible for funding the court must approve the appointment of municipal court magistrates).
Finally, a review of A.C.A. § 16-17-108 (Supp. 1997), which governs the salaries of personnel and other requirements of various municipal courts, reveals that the legislature has included specific language when it intends for the city and the county to share responsibility for paying the salaries of deputy municipal court clerks. See, e.g., subsections (aa) (DeWitt Municipal Court), (ff) (Dumas Municipal Court), (nn) (Greenwood District Municipal Court), (eee) (Malvern Municipal Court), and (rrrr) (Stuttgart Municipal Court). I have found no similar specific language applicable to municipal courts in White County. And these provisions stand in stark contrast to A.C.A. § 16-17-115, supra
(addressing the county's portion of municipal court expenses, generally).
Based upon the foregoing, therefore, it is my opinion that a county is not obligated under A.C.A. § 16-17-115 to contribute toward the salary or fringe benefits of a deputy municipal court clerk appointed pursuant to A.C.A. § 16-17-106. Nor has my research yielded any other legislation that would impose such an obligation in the specific case of White County.
Question 2 — If the answer is no, is there any other state law whichrequires a county to pay for part or all of the salary and fringebenefits for deputy municipal clerks?
As indicated above, a conclusive answer to this question would require reference to any specific Code provision governing the particular county's obligation with regard to the municipal court(s) at issue. In the case of White County, however, the answer to this question appears to be "no."
Question 3 — Does a county's obligation to pay for one-half the salaryfor municipal judges and municipal clerks pursuant to Arkansas CodeAnnotated § 16-17-115, include payment of one-half of fringe benefits,including medical insurance premiums, retirement, and social security?
It is my opinion that the answer to this question is "no," based upon the plain meaning of the word "salaries" in A.C.A. § 16-17-115. Fringe benefits are ordinarily not included in this terminology. Fringe benefits are those benefits received "in addition to wages or salary, such as group insurance, pension rights, etc." Ballentine's Law Dictionary 503 (5th ed. 1979). See also The Concise Oxford Dictionary of CurrentEnglish 424 (J. Sykes ed. 1976). The term "salary," in ordinary usage, simply does not encompass such benefits; and in interpreting statutory language it is appropriate to give the words their ordinary and usually accepted meaning in common usage. See generally Cheqnet Systems v. StateBd. of Collection Agencies, 319 Ark. 252, 80 S.W.2d 595 (1995). The courts of other jurisdictions have, moreover, interpreted the term "salary" in this way, holding that fringe benefits such as insurance do not constitute a part of an employee's "salary" for purposes of calculating retirement benefits. See, e.g., Hilligoss v. LaDow,174 Ind. App. 520, 368 N.E.2d 1365 (1977); Garian v. City of Highland Park,176 Mich. App. 379, 439 N.W.2d 368 (1990).
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:eaw/cyh
[1] As noted in the discussion below, reference must be made to any other legislation governing the particular municipal court in question to determine the county's exact funding obligation with respect thereto. In the case of municipal courts in White County, however, I have found no specific language addressing salary or fringe benefits of deputy clerks. It thus appears that § 16-17-115 is the only potential authority for the County's obligation in this regard.
[2] This office previously reached a similar conclusion regarding the language of A.C.A. § 24-8-305(a) authorizing local retirement plans for "[a]ny judge . . . of a municipal court established in any county and anyclerk of such a municipal court appointed by the judges thereof. . . ." (Emphasis added). Notwithstanding this language which arguably could be construed to include deputy clerks, it was concluded in Attorney General Opinions 89-188 and 97-391, following a review of other relevant provisions, that this was intended to cover only "the" municipal court clerk, and not deputy municipal court clerks.