The Honorable Wayne Nichols State Representative 304 Poinsett Street Marked Tree, AR 72365-2237
Dear Representative Nichols:
I am writing in response to your request for my opinion on a number of questions that have been posed by the County Judge and several Mayors of Poinsett County concerning the Poinsett County District Court. The cities' questions are as follows:
 1. With A.C.A. § 16-17-902 being amended by Act 72 [of 2005], can the district judge at his discretion travel to the five `departments' of Poinsett County District Court and hold court?
 2. If the judge holds court in these five locations, is he allowed to appoint a district court clerk in each location as long as they are performing the duties of the district court clerk as set out in § 16-17-211?
 3. If there is a district court clerk in each of these five locations is the county responsible for paying ½ of the clerk's salary as set out in § 16-17-115? If county is to pay ½ of the salary, would this require the county to pay the employer's share of social security and retirement that is required by law?
The County Judge has asked:
 1. Is the opinion of the Attorney General as set forth in Attorney General No. 99-207 advising that a county's legal obligation for salaries for district judges does not extend to retirement, insurance or other fringe benefits, still valid and correct?
 2. In the absence of an agreement or ordinance otherwise, what is the amount of salary minimum and maximum that Poinsett County is obligated [for] under law, under A.C.A. § 16-17-108 or otherwise, as salary or part of the salary of the Poinsett District Court Judge?
 3. Is Poinsett County obligated under law, under A.C.A. § 16-17-108 or otherwise, for payment of retirement, insurance or other fringe benefits as a new or additional component of the salary of the Poinsett District Court Judge? Isn't the obligation of Poinsett County under law, under A.C.A. § 16-17-108 of otherwise, for part of the salary of the District Court judge, exclusive of retirement, insurance or other fringe benefits?
 4. In light of the [background of] law and facts [set out in this request for an opinion], is Poinsett County obligated for payment or contribution to the ADJRS [Arkansas District Judge Retirement System] of `an amount of money that represents the actuarially determined accrued liability'?
 5. [I]s Poinsett county obligated for payment or contribution to the ADJRS of `the remaining amount of actuarially determined accrued liability'? [Emphasis original.]
 6. Is Poinsett County obligated to provide any employer matching for the District Court Judge with the ADJRS?
 7. In light of the [information provided] and the absence of the appointment by the district court judge of `a clerk for the court designated and known as the district court clerk,' is Poinsett County obligated to pay or reimburse any or all of the salary of any particular court clerk? Or any particular deputy clerk?
 8. If a city provides a district court clerk a raise in salary, $5,000 or otherwise, doesn't the quorum court still have to approve that increase or any increase in salary or the county's portion of any increase in salary? Wouldn't the action of the city council increasing a salary of a district court clerk or deputy clerk in Poinsett County only operate to obligate the city to the increase and not the county, unless approved by the Quorum Court?
 9. [I]n the absence of an agreement or ordinance otherwise, does Poinsett County have any obligation for the payment of salaries for any deputy clerks? Is opinion of the Attorney General in Attorney General Opinion 99-207 still correct that counties are not obligated by law for the payment of salaries of deputy district court clerks, or any clerk, except the individual or clerk that is appointed by the district judge as the official District Court Clerk for the Poinsett District Court?
SUMMARY RESPONSES
It is my opinion that the answer to the cities' first question is "yes." The Poinsett County District Court Judge has discretion to determine when sessions will be held at the Court's departments. It is my opinion that the answer to the second question is "no." A response to the cities' third question is unnecessary.
With regard to the County Judge's questions, the answer to the first question is "yes," in my opinion. The answer to the second question concerning minimum and maximum salary amounts is $14,400 and $36,000, respectively. It is my opinion that the answers to the first and second parts of the County Judge's third question with regard to fringe benefit payments are "no" and "yes," respectively. In my opinion, the answers to questions four, five, six regarding retirement contributions are "no," "no," and "yes." With regard to the first part of the seventh question, a definitive answer likely requires factual determinations that are outside the scope of this opinion. The answer to the second part of this question is "no," in my opinion. The first part of the eighth question concerning a salary raise for a district court clerk cannot be answered without considering the particular clerk position at issue. In response to the second part of this question as it pertains, specifically, to a district court clerk for the Poinsett County District Court, it is my opinion that the County will only be obligated for a salary increase that it has approved. This clearly is also the case with respect to a deputy clerk, because in my opinion state law does not obligate Poinsett County to contribute toward the salary of a deputy clerk for the Poinsett County District Court. The answer to the first part of the ninth question is "no." In response to the second part of this question, I believe the 1999 opinion is still viable with respect to deputy district court clerks, as well as the district court clerks generally. The opinion is not helpful, however, in addressing the particular questions discussed herein concerning the Poinsett County District Court.
DISCUSSION — CITIES' QUESTIONS
Question 1 — With A.C.A. § 16-17-902 being amended by Act 72 [of 2005],can the district judge at his discretion travel to the five "departments"of Poinsett County District Court and hold court?
The answer to this question is generally "yes," in my opinion. The district court judge has the discretion to determine when sessions will be held at the different department locations. As you note, the statute that initially governed the Poinsett County District Court was amended in 2005. Arkansas Code Annotated § 16-17-902 formerly included Poinsett County in a list of counties that are to have one district court and one judge, with the district court "located in the county seat of the counties. . . ." See A.C.A. § 16-17-902(a) and (b) (Supp. 2003). Act 72 of 2005 amended § 16-17-902 to remove Poinsett County, among several others, from this list. See A.C.A. § 16-17-902(a) (Supp. 2005). A new Code section added by Act 72 of 2005 now provides as follows with regard to the Poinsett County District Court:
 (a)(1) Poinsett County shall have one (1) district court with five (5) departments:
(A) One (1) located in Marked Tree;
(B) One (1) located in Trumann;
(C) One (1) located in Tyronza;
(D) One (1) located in Lepanto; and
(E) One (1) located in Harrisburg.
(2) all five (5) departments to be served by one (1) judge.
 (b) The judge of the Poinsett County District Court shall be elected countywide.
 (c) The Poinsett County District Court shall have countywide jurisdiction.
A.C.A. § 16-17-924 (Supp. 2005).
A "department" is defined as "the physical location where sessions of court are held[.]" A.C.A. § 16-17-901(1) (Supp. 2005). I believe it is clear, therefore, that the legislation governing the Poinsett County District Court contemplates the District Judge holding court in the specified locations. This is further indicated by the salary provision, which sets the minimum amount to be paid the "Department Judge." A.C.A. § 16-17-108(a)(81) — (84) (Supp. 2005). But the decision when to hold court at the departments is clearly a matter for the judge. Because this will, it seems, depend largely upon the court's docket, it is properly left to the judge's judgment and discretion.
Question 2 — If the judge holds court in these five locations, is heallowed to appoint a district court clerk in each location as long asthey are performing the duties of the district court clerk as set out in§ 16-17-211?
Underlying this question appears to be a concern whether the law regarding the appointment of a clerk might have changed such that that there is now authority for more than one district court clerk. As the cities are undoubtedly aware, my immediate predecessor determined that A.C.A. § 16-17-211 (Repl. 1999) authorized only one "municipal court clerk for the court." Op. Att'y Gen. 1999-207. With the change from municipal to district courts (see Ark. Const., amend. 80),[1] and the advent of "departments" in certain districts (see A.C.A. §§ 16-17-901 — 928 (Supp. 2005)), the concern apparently is that a district court clerk might be appointed for each department.
Although certain attendant issues remain to be resolved, it is my opinion that the general law governing the appointment of a district court clerk has not changed. Absent specific authority otherwise, as discussed further herein, it is my opinion that there may be only one "district court clerk." Accordingly, it is my opinion that the answer to the above question is "no" with regard to the Poinsett County District Court.
Arkansas Code Annotated § 16-17-211 provides in part as follows
 (a) The judge of any district court may appoint a clerk for the court, who shall be designated and known as the district court clerk.
 (b) The city council of the city in which the court is located shall fix the salary of the district court clerk at a reasonable sum, the salary to be computed on an annual basis and payable in equal monthly installments. However, where the county in which the court is located is to pay any portion of the clerk's salary, the salary must also be approved by the quorum court of that county. . . .
* * *
 (f) Where the duties of the office of district court clerk do not require a full-time employee, the city council may require that the duties of the clerk be performed by any other officer of the city.
A.C.A. § 16-17-211 (Supp. 2005).
Other than reflecting the change from "municipal" to "district" court (see A.C.A. § 16-17-211 (Repl. 1999)), this statute is the same as the pre-Amendment 80 version. The general authority for appointing a clerk for the district court therefore appears unchanged. The fact that there are several different "departments" of the Poinsett County District Court does not impact this conclusion, in my view. There is one district court in Poinsett County, and the judge of that court may appoint "a clerk for the court." Had the legislature intended to authorize a district court clerk for each department of the Poinsett County District Court, it could easily have done so. Compare A.C.A. § 16-17-108 (Supp. 2005) (the comprehensive salary act, several subsections of which establish salary ranges for a clerk of each department of a number of district courts).
I emphasize that this addresses the general appointive authority, which is the only applicable authority in the case of the Poinsett County District Court. As noted above, the comprehensive salary statute, A.C.A. § 16-17-108 (Supp. 2005), contains specific salary provisions for "the district court clerk" of the departments of certain district courts.See, e.g., A.C.A. § 16-17-108(a)(3) and (4) (Supp. 2005) (establishing a salary range of $15,000 to $25,000 for both the "Ashley County District Court — Crossett Department . . . district court clerk" and the "Ashley County District Court — Hamburg Department . . . district court clerk."). See also A.C.A. §§ 16-17-108 (a)(14-16), (a)(27) and (28), (a) (75(A), and (a)(100) and (101) (providing similarly with respect to the Chicot County, Desha County, North Little Rock, and Sebastian County District Courts, respectively). These subsections clearly anticipate the appointment of a district clerk for each department of the named courts, and as such will be controlling as to those particular courts. Seegenerally Lawson v. State, 295 Ark. 37, 746 S.W.2d 544 (1988) (requiring application of specific rather than general laws). There is no similar provision with respect to the Poinsett County District Court. Consequently, the general appointive authority found in A.C.A. §16-17-211, supra, is applicable in my opinion.
As a final note in this regard, although the cities have not specifically raised the issue, there is a related question concerning the salary of the district clerk. Section 16-17-211(b) states that "[t]he city council of the city in which the court is located shall fix the salary of the district court clerk . . . [subject to the county's approval where the county pays a portion] . . ." This obviously is problematic in the case of a court such as the Poinsett County District Court, which holds court in several locations. The departments in a general sense represent the court's location(s). But because no one city is "the city in which the court is located . . .[,]" it is unclear which city sets the salary. I can glean no satisfactory evidence of legislative intent on this question. Do the cities each agree to the salary? Is the salary set by the city where the clerk is located? How is that determined? I am unable to opine on these unresolved questions, beyond noting that legislative clarification is indicated.
Question 3 — If there is a district court clerk in each of these fivelocations is the county responsible for paying ½ of the clerk's salary asset out in § 16-17-115? If county is to pay ½ of the salary, would thisrequire the county to pay the employer's share of social security andretirement that is required by law?
A response to this question is unnecessary because, as discussed above, § 16-17-211 continues to authorize the appointment of one district court clerk, in my opinion."
DISCUSSION — COUNTY JUDGE'S QUESTIONS
Question 1 — Is the opinion of the Attorney General as set forth in Attorney General No. 99-207 advising that a county's legal obligation for salaries for district judges does not extend to retirement, insurance or other fringe benefits, still valid and correct?
Yes. According to my review, there has been no change in the law that would require a modification of the 1999 opinion. The general statute addressing the counties' obligation for a portion of the district judges' salaries provides in relevant part:
 Except as authorized otherwise, the county wherein a district court is held shall pay one-half (1/2) of the salaries of the judge and the clerks of the district courts organized in that county under the provisions of § 16-17-201 et seq. and § 16-17-301 et seq. . . .
A.C.A. § 16-17-115 (Supp. 2005) (emphasis added). See also A.C.A. §16-17-108 (Supp. 2005) (establishing salary ranges for, inter alia, district court judges).
As noted by Opinion 1999-207, the term "salary" ordinarily does not encompass fringe benefits. The opinion explains:
 Fringe benefits are those benefits received `in addition to wages or salary, such as group insurance, pension rights, etc.' Ballentine's Law Dictionary 503 (5th ed. 1979). See also The Concise Oxford Dictionary of Current English 424 (J. Sykes ed. 1976). The term `salary,' in ordinary usage, simply does not encompass such benefits; and in interpreting statutory language it is appropriate to give the words their ordinary and usually accepted meaning in common usage. See generally Cheqnet Systems v. State Bd. of Collection Agencies, 319 Ark. 252, 80 S.W.2d 595 (1995). The courts of other jurisdictions have, moreover, interpreted the term "salary" in this way, holding that fringe benefits such as insurance do not constitute a part of an employee's "salary" for purposes of calculating retirement benefits. See, e.g., Hilligoss v. LaDow, 174 Ind. App. 520, 368 N.E.2d 1365
(1977); Garian v. City of Highland Park, 176 Mich. App. 379, 439 N.W.2d 368 (1990).
I agree with this analysis. The answer to this question is therefore "yes," in my opinion.
Question 2 — In the absence of an agreement or ordinance otherwise, whatis the amount of salary minimum and maximum that Poinsett County isobligated [for] under law, under A.C.A. § 16-17-108 or otherwise, assalary or part of the salary of the Poinsett District Court Judge?
The controlling salary provisions are found in Act 2220 of 2005, which amended the comprehensive salary statute (A.C.A. § 16-17-108) to provide in relevant part as follows regarding the salary of the Poinsett County District Court Judge:
 (a)(81) The Poinsett County District Court — Harrisburg Department Judge shall receive an annual salary of not less than seven thousand two hundred dollars ($7,200) nor more than eighteen thousand dollars ($18,000).
 (82) The Poinsett County District Court — Marked Tree Department Judge shall receive an annual salary of not less than seven thousand two hundred dollars ($7,200) nor more than eighteen thousand dollars ($18,000).
 (83) The Poinsett County District Court — Trumann Department Judge shall receive an annual salary of not less than seven thousand two hundred dollars ($7,200) nor more than eighteen thousand dollars ($18,000). The salary shall be paid one-half (1/2) by the City of Trumann and one-half (1/2) by Poinsett County.
 (84) The Poinsett County District Court — Tyronza-Lepanto Department Judge shall receive an annual salary of not less than seven thousand two hundred dollars ($7,200) nor more than eighteen thousand dollars ($18,000). The salary shall be paid one-half (1/2) by the City of Tyronza and the City of Lepanto and one-half (1/2) by Poinsett County.
A.C.A. § 16-17-108 (Supp. 2005).[2]
As indicated above in response to the county's first question, reference must also be made to A.C.A. § 16-17-115, which establishes the county's obligation for a portion of the district judge's salary as follows:
 Except as authorized otherwise, the county wherein a district court is held shall pay one-half (1/2) of the salaries of the judge and the clerks of the district courts organized in that county under the provisions of § 16-17-201 et seq. and § 16-17-301 et seq., and the quorum court in counties subject to the provisions of either § 16-17-201 et seq. or § 16-17-301 et seq., or both, shall, at its annual meeting, make an appropriation of a sum sufficient to pay the county's proportion of the expenses of all such district courts. These payments shall be made out of the district court cost fund and general revenues of the county and this duty may be enforced by mandamus proceedings.
A.C.A. § 16-17-115 (Supp. 2005) (emphasis added).
My research has disclosed no other legislation establishing Poinsett County's funding obligation with respect to the District Judge's salary. Accordingly, the county's minimum and maximum obligation is one-half of the amounts fixed by A.C.A. § 16-17-108. Because all of the departments are to be served by one judge (see A.C.A. § 16-17-924(a), supra), it appears that the county is responsible for one-half of the sum total of the minimum and maximum amounts. This calculates to $14,400 ($7,200 x 4, divided by 2) and $36,000 ($18,000 x 4, divided by 2), respectively.[3]
Question 3 — Is Poinsett County obligated under law, under A.C.A. §16-17-108 or otherwise, for payment of retirement, insurance or other fringe benefits as a new or additional component of the salary of the Poinsett District Court Judge? Isn't the obligation of Poinsett County under law, under A.C.A. § 16-17-108 of otherwise, for part of the salary of the District Court judge, exclusive of retirement, insurance or other fringe benefits?
The answers to these questions are "no" and "yes," respectively. Please refer to my response to Question 1 for the analysis.
Question 4 — In light of the [background of] law and facts [set out inthis request for an opinion], is Poinsett County obligated for payment orcontribution to the ADJRS [Arkansas District Judge Retirement System] of"an amount of money that represents the actuarially determined accruedliability"?
Question 5 — [I]s Poinsett county obligated for payment or contribution to the ADJRS of the remaining amount of actuarially determined accrued liability'?
I will address Questions 4 and 5 together, as each relates to the funding of the Arkansas District Judge Retirement System (ADJRS), a state-run retirement system for district judges established in 2003 to replace the various local retirement plans for municipal judges. See A.C.A. §§ 24-8-802(4) and -810(a) (Supp. 2005). In my opinion, Poinsett County is not obligated to make any payment or contribution to the ADJRS because it is not the "government entity" that established the local municipal judge retirement fund. A.C.A. § 24-8-810(a). The answer to Questions 4 and 5 is therefore "no," in my opinion.
As background for these questions, you have cited A.C.A. §§ 24-8-810 and — 902 (the latter being the local government funding obligation as it pertains to district court clerks), as well as A.C.A. § 16-10-308
involving the "city administration of justice fund" (a funding source for the "municipal court judge and clerk retirement fund," id. at (b)(1); seealso A.C.A. § 24-8-317 (Repl. 2000)). You also refer to § A.C.A.24-8-302, which is part of the general law relating to the establishment of local municipal court retirement funds.[4] You indicate that no city in Poinsett County established a local municipal judge's retirement fund prior to December 31, 2004, and that no city contributed funds to ADJRS in 2005. You state further that Poinsett County did not establish a local municipal judge's retirement fund, did not hold retirement funds, and did not tender any funds to ADJRS in 2005.
A brief explanation of the relevant legislation will be helpful in understanding the basis for my negative response to your questions. The body of law that established the ADJRS provides for the transfer of assets of a local municipal judge's retirement fund to the state system. Those assets consist of certain court costs (see A.C.A. § 24-8-317 and Op. Att'y Gen. Nos. 2005-125 and 2000-155), and possibly other moneys in accordance with A.C.A. § 24-8-318.[5] The "government entity" that established the local fund was required to make payment to the ADJRS, on January 1, 2005, as follows:
 (a) The government entity that has established a local municipal judge's retirement fund shall be required to contribute an amount of money that represents the actuarially determined accrued liability for those judges and former judges who are covered by the local fund on December 31, 2004.
 (b) The assets in the local municipal judge retirement fund, not to exceed the amount in subsection (a) of this section, shall be paid to the Arkansas District Judge Retirement System on January 1, 2005.
 (c) If the local municipal judge retirement fund does not have sufficient money available to pay the amount determined in subsection (a) of this section to the system on January 1, 2005, then the remaining amount of actuarially determined accrued liability shall be paid on or before December 31 each year after for up to the next thirty (30) years based on a thirty-year amortization period.
 (d)(1) If the amount in the municipal judge retirement fund is greater than the actuarially determined amount of the liabilities to be transferred to the system, that excess may be retained by the sponsoring government entity for the sole purpose of paying the retirement benefits of district judges.
A.C.A. § 24-8-318 (Supp. 2005).
In addressing your questions, I must clarify an apparent misconception concerning the "municipal court judge and clerk retirement funds" This clarification will, I believe, explain my response. These retirement funds were created by operation of law in cities that are not covered by a separate Code section, (A.C.A. § 24-8-315), pertaining to counties with two judicial districts and two county seats. I touched upon this matter in Op. Att'y Gen. 2005-125, wherein I addressed a question concerning the amount due by the City of Hazen to ADJRS. As I stated in that opinion:
 By operation of state law, a trust fund was created in each city of the first and city of the second class not covered under A.C.A. § 24-8-315 to be responsible for paying the retirement benefits for municipal judges. See A.C.A. §§ 24-8-301 through -319; and §§ 24-8-401 through -410; see also Ops. Att'y Gen. 95-202 and 89-046. This language was mandatory. A.C.A. §§ 24-8-302 and -401; see also Op. Att'y Gen. 95-202.
Op. Att'y Gen. 2005-125 (emphasis added).
If no city in Poinsett County established a municipal judge and clerk retirement fund, then the situation may be similar to that involving the City of Hazen.[6] I concluded in Op. 2005-125 that "[i]f Prairie County was not [emphasis omitted] responsible for primarily funding the municipal court of Hazen, the City of Hazen is responsible for the entire actuarially determined amount due to ADJRS under A.C.A. § 24-8-810." The fact that the City had not contributed any funds to ADJRS was not determinative, in my view, of its obligations under § 24-8-810.
A similar analysis leads me to conclude that the cities in question in Poinsett County bear responsibility for the "accrued liability" under A.C.A. § 24-8-810. Those cities by operation of law are the "government [entities]" that established the local municipal judge's retirement funds. They were required to comply with the provisions of A.C.A.24-8-301 — 319 and establish the local system. Cf. Op. 2005-125, supra.See also Op. Att'y Gen. 89-046 (observing that "[i]t appears that the legislature intended that if cities of the first or second class establish municipal courts pursuant to legislative authority, they must comply with and establish the local retirement system provided for in A.C.A. 24-8-301 et seq.")
The possibility that Poinsett County is the responsible "government entity" must be rejected because of the inapplicability of A.C.A. §24-8-315, which provides in relevant part:
 (b)(1) In any county which is divided into two (2) districts and has two (2) county seats and in which the municipal court is funded primarily by the county, the quorum court is authorized to create a municipal court retirement board of trustees.
* * *
 (d)(1) The board shall have the authority and duty to receive and administer the funds collected in the county under § 24-8-303
[repealed] and under subsection (e) of this section [repealed].
A.C.A. § 24-8-315 (Repl. 2000).
Poinsett County does not have two districts and two county seats. Accordingly, A.C.A. § 24-8-315 is inapplicable. Having found no other authority for the proposition that Poinsett County is the "government entity" that established the local municipal judge's retirement fund (A.C.A. § 24-8-810(a), supra), I conclude, in response to your specific questions, that the County is not required to contribute or pay to ADJRS the "actuarially determined accrued liability" amount. Id.
Question 6 — Is Poinsett County obligated to provide any employermatching for the District Court Judge with the ADJRS?
The answer to this question is "yes," in my opinion, pursuant to A.C.A. § 24-8-809 (Supp. 2005), which provides in relevant part:
 (a)(1) As employer, the government entity that pays the salary of a district judge shall make contributions to the Arkansas District Judge Retirement System as a percent of the salary of the active district judge based on the most recent actuarial cost report.
(2) These contributions will begin January 1, 2005.
As stated above in response to Question 3, it is my opinion that Poinsett County is required to pay one-half of the salary of the Poinsett County District Court Judge. Consequently, it must make contributions under § 24-8-809.
Question 7 — In light of the [information provided] and the absence ofthe appointment by the district court judge of "a clerk for the courtdesignated and known as the district court clerk," is Poinsett Countyobligated to pay or reimburse any or all of the salary of any particularcourt clerk? Or any particular deputy clerk?
I will first address the question concerning deputy clerks for the Poinsett County District Court. You have provided no specific information in this regard, and I am therefore unaware of what particular positions are at issue.[7] It is my opinion as a general matter, however, that state law imposes no obligation on Poinsett County to pay any part of the salaries of deputy clerks. Section 16-17-115, supra, provides that "[e]xcept as authorized otherwise, the county wherein a district court is held shall pay one-half (1/2) of the salaries of the judge and the clerksof the district courts organized in that county." (Emphasis added). In this regard, I agree with my predecessors that Poinsett County's proportion of the expenses is limited to one-half of the stated salaries, and that this does not include salaries for deputy clerks. See Op. Att'y Gen. 2001-045 (citing, inter alia, Op. Att'y Gen. 1999-207 and 1993-001).[8]
In response to that part of your question concerning a clerk for the court who is designated as "the district court clerk" (see A.C.A. §16-17-211, supra (response to cities' second question), I must note that a definitive answer may require factual determinations that are outside the scope of this opinion. As stated above, it is my opinion that except as specifically provided otherwise, the law continues to authorize the appointment of only one district court clerk. I agree, moreover, with the general proposition that a county's payment obligation does not arise until a district court clerk is appointed and the county approves the salary fixed by the city. See generally A.C.A. § 16-17-211, supra
(response to cities' second question). Whether there has been such an appointment in any given instance, however, is a matter that must be decided at the local level based upon the particular circumstances. This necessarily follows from the fact that state law does not address the procedure for appointing district court clerks.
I must note, additionally, that a particular complicating factor arises in the case of the Poinsett County District Court.[9] In setting forth your question, you state that the Poinsett County District Court judge has "refrained from appointing `a clerk for the court. . . .'" Again, I am not positioned to address any factual questions that this statement might invite. I find it necessary to comment, however, upon the apparent belief (reflected in the foundational information for this question) that it was necessary for the judge to make an appointment after departments of the court were established under A.C.A. § 16-17-924, supra (response to the cities' first question). Specifically, I believe it may be relevant to observe that the "one (1) district court in Poinsett County" (quoting from your correspondence) was originally located in the county seat. See Acts 2003, No. 1727, § 2 (part of the Amendment 80 implementing legislation that established judicial districts and the number of district court judges). I have previously opined that the locations identified by the 2003 act became effective on January 1, 2005, when the elected district court judges took office. Op. Att'y Gen. 2003-240.
The county seat location was therefore effective January 1, 2005. The county seat provision was removed, effective February 7, 2005, by Act 72 of 2005, which enacted § 16-17-924 to establish the court's five departments. While the county seat location was therefore only effective for a brief period, I believe it bears mentioning that some individual presumably served as the district court clerk, at least during that period of time. Whether that individual became the clerk of the court when the departments were established may remain to be decided. The issue is complicated by the fact that the law does not establish any particular procedure for appointing a district court clerk. Nor has my research disclosed any helpful legislation addressing the transition to district court clerks.[10] This at least suggests the practical possibility, however, that a clerk of the Poinsett County District Court was effectively designated in January of 2005, when the newly elected judge took office and the court was located at the county seat. I cannot definitively opine whether that is the case. But I can state that in my view, the issue cannot be decided based merely upon the assertion that there was no appointment of a particular clerk or individual as the official district court clerk after the departmentalization of the Poinsett County District Court.
Question 8 — If a city provides a district court clerk a raise insalary, $5,000 or otherwise, doesn't the quorum court still have toapprove that increase or any increase in salary or the county's portion ofany increase in salary? Wouldn't the action of the city councilincreasing a salary of a district court clerk or deputy clerk in PoinsettCounty only operate to obligate the city to the increase and not thecounty, unless approved by the Quorum Court?
The first part of this question, which pertains generally to a raise in salary for a district court clerk, cannot be answered definitively without considering the particular clerk position at issue. As a general matter, an increase must be authorized by both the county and the city where there is shared responsibility for paying the salary. See A.C.A. §16-17-121 (Supp. 2005) (regarding salaries that are authorized by A.C.A. § 16-17-108, the comprehensive salary provision) and A.C.A. § 16-17-211
(regarding non — § 16-17-108 authorized salaries). See also Op. Att'y Gen. Nos. 2003-333 (discussing § 16-17-121) and 1991-028 (discussing §16-17-211). If only one governing body pays the clerk's salary, however, then that body alone authorizes an increase. See Op. Att'y Gen.1994-210.
The answer to the second part of this question is "yes," in my opinion, with regard to a salary raise for a district court clerk in Poinsett County. Section 16-17-108 does not set out a salary for this position. Accordingly, the applicable provision is § 16-17-211, which clearly requires the County's approval. The answer is also "yes" with regard to a deputy clerk because as stated above, state law does not obligate Poinsett County to contribute toward the salary of a deputy clerk for the Poinsett County District Court.
Question 9 — [I]n the absence of an agreement or ordinance otherwise,does Poinsett County have any obligation for the payment of salaries forany deputy clerks? Is opinion of the Attorney General in Attorney GeneralOpinion 99-207 still correct that counties are not obligated by law forthe payment of salaries of deputy district court clerks, or any clerk,except the individual or clerk that is appointed by the district judge asthe official District Court Clerk for the Poinsett District Court?
Consistent with the response to Question 7 above, the answer to the first part of this question is "no," in my opinion. Please see the above discussion (response to Question 7) regarding the obligation of counties generally, and the potential obligation of Poinsett County, specifically, for the salary of "the district court clerk."
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] Amendment 80 revised the judicial article of the Arkansas Constitution, and among other changes, made district courts the successors of municipal courts. Ark. Const. amend. 80, § 19. The General Assembly has implemented this aspect of the amendment by defining judicial districts and establishing the number of judges to serve the district courts. See A.C.A. §§ 16-17-901—928 (Supp. 2005).
[2] I note that this reference to the "Tyronza-Lepanto Department Judge" at first glance seems inconsistent with the other 2005 legislation (A.C.A. § 16-17-924), supra, which identifies departments "located in Tyronza" and "located in Lepanto." I believe it is apparent upon further review, however, that the purpose of the salary provision is simply to allocate one-half of the judge's salary between the two cities, as was done historically, prior to the departmentalization under Act 72 of 2005. See A.C.A. § 16-17-108 (uuuu) (Repl. 1999) (setting the minimum and maximum salary of the "Tyronza-Lepanto Municipal Court Judge," to be paid "one-half (1/2) by the City of Tyronza and one-half (1/2) by the City of Lepanto and one-half (1/2) by Poinsett County.")
[3] It should perhaps be noted in this regard that if the judge is paid more than the minimum amount, this would constitute a salary "increase" that must, in my opinion, be approved by both the city or cities and the county. See Op. Att'y Gen. Nos. 2003-033 and 94-210.
[4] The funds were closed to new membership effective December 31, 2004. See A.C.A. § 24-8-321 (Supp. 2005).
[5] This provision authorizes additional funding sources for retirement benefits, including certain fines and forfeitures, city general funds, and county contributions. A.C.A. § 24-8-318(a) (Supp. 2005).
[6] The only apparent difference is that because Prairie County has two districts and two county seats, it was necessary in that case to consider A.C.A. § 24-8-315, which would make the County the responsible "governmental entity" (see A.C.A. § 24-8-810(a), discussed further herein) if the facts showed that the County was primarily responsible for funding the Hazen municipal court. Because Poinsett County does not have two districts, § 24-8-315 is inapplicable in this instance.
[7] The authority for deputy clerks is found in A.C.A. § 16-17-106, which provides as follows:
 (a) The judge of the municipal court of any city in this state may, with the approval of the governing body of the city, appoint one (1) or more deputy clerks to serve under the supervision of the municipal court clerk.
 (b) The salary of the deputy clerk or clerks may be less than, but not more than, the salary paid to the court clerk. The salary designated for the office of municipal court clerk may be apportioned by the city council between and among the municipal court clerks and any or all of the deputies.
 (c) Deputy municipal court clerks are empowered to perform all duties and exercise all powers granted to the municipal court clerk and shall post bond in the same manner and amount as required of the municipal court clerk.
A.C.A. § 16-17-106 (Repl. 1999).
Although this Code section has not been amended to reflect the change from municipal to district court (see n. 2, supra), it has not been repealed and in my opinion remains effective to authorize the appointive of deputy district court clerks. The reference to the "city" would, however, benefit from legislative clarification as it is unclear whether this is properly interpreted to refer to the department locations in the case of a court such as the Poinsett County District Court.
[8] The introductory phrase "[e]xcept as authorized otherwise," in §16-17-115 requires that reference be made to any other legislation governing the particular district court in question to determine the county's exact funding obligation. In the case of the Poinsett County District Court, there is no separate statute imposing any funding requirement with respect to any district court personnel other than the district court judge. See A.C.A. § 16-17-108(a)(81-84) (Supp. 2005),supra (response to county's second question).
[9] The same issue arises with regard to other district courts that have several departments and no corresponding salary provision under A.C.A. § 16-17-108 (Supp. 2005) (the comprehensive salary act) with respect to court clerks. See, e.g., A.C.A. §§ 16-17-108(a)(51) and (52), and 16-17-928 (Supp. 2005) (regarding the Lawrence County District Court). Compare A.C.A. §§ 16-17-108(a)(c)(3) and (4), and 16-17-908
(Supp. 2005) (Ashley County District Court).
[10] One statute, A.C.A. § 16-17-132 (Supp. 2005), addresses salaries, providing that salaries will continue after January 1, 2005 (the date the newly elected district judges took office). I interpret this to mean that there was no need to re-determine salaries after the newly established judicial districts took effect.